JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SYLVESTER WESTCOTT

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Markos, Esquire, Williams Cuker Berezofsky
1515 Market Street, Suite 1300, Philadelphia, PA 19102
(215) 557-0099

**DEFENDANTS**
CITY OF PHILADELPHIA;
OFFICER JEFFERY WALKER

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Malicious prosecution

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE  Paul S. Diamond
DOCKET NUMBER  14-cv-7195

DATE
05/27/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3715 Wallace Street, Philadelphia, PA 19104

Address of Defendant: 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 3717 Wallace Street, Philadelphia, PA 19104
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☐

Does this case involve multidistrict litigation possibilities?    Yes☐   No☐

*RELATED CASE, IF ANY:*
Case Number: 14-cv-7195    Judge Paul S. Diamond    Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Christopher Markos, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 05/27/2015    _____    308997
    Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/27/2015    _____    308997
    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SYLVESTER WESTCOTT | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x )

| | | |
|---|---|---|
| 05/27/2015 | Christopher Markos | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 557-0099 | (215) 557-0673 | cmarkos@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVESTER WESTCOTT, | : |
| | : |
| Plaintiff, | : |
| | : Docket No.: |
| v. | : |
| | : CIVIL ACTION |
| CITY OF PHILADELPHIA | : |
| Law Department | : |
| 1515 Arch Street, 14th Floor | : HONORABLE |
| Philadelphia, PA 19102 | : |
| and | : |
| OFFICER JEFFERY WALKER, Badge | : |
| No. Unknown | : |
| c/o CITY OF PHILADELPHIA | : |
| LAW DEPARTMENT | : |
| 1515 Arch Street | : |
| Philadelphia, PA 19102 | : |
| | : |
| Defendants. | : |

**Complaint (Civil Action)**

**I. PRELIMINARY STATEMENT**

1. In December 2012, local media revealed that several members of the Philadelphia Police Department's Narcotics Field Unit had, for a significant length of time, used improper and unconstitutional means to investigate and prosecute narcotics violations, including acquiring warrants by misrepresentation, illegally entering private property, illegally searching and detaining persons and property, and subjecting individuals to unlawful arrest, detention, and prosecution. Philadelphia District Attorney Seth Williams announced he would no longer accept testimony from Officers Michael Spicer, Thomas

Liciardello, Brian Reynolds, Perry Betts, Brian Speiser, and Lt. Robert Otto in drug cases, believing each had lost their credibility, and would no longer accept narcotics charges when any of these officers is a necessary witness. Thereafter, Officer Jeffery Walker plead guilty to charges of corruption, including conspiring to commit robbery, and later admitted to fabricating testimony and other evidence. Since, numerous cases these officers have been involved with have been dismissed or overturned. In fact, there is a longstanding history of egregious illegal and unconstitutional conduct on the part of Philadelphia Police Officers engaged in narcotics enforcement. Plaintiff brings this action under 42 U.S.C. § 1983 for money damages and other relief. Plaintiff seeks redress for false arrest and malicious prosecution, committed in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(1), (3), and (4). This Court has jurisdiction to adjudicate plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. Venue is properly laid in this judicial district, as all defendants are found therein, and all acts and events giving rise to the complaint occurred therein.

## III. PARTIES

4. Plaintiff Sylvester Westcott is a citizen of the United States with a residence in the Commonwealth of Pennsylvania, and at all relevant times to this case was in the Eastern District of Pennsylvania.

5. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department ("PPD"), and, by and through its officials with final authority to do so, promulgates, implements and maintains policies, practices and procedures for the Department and its police officers.

6. Defendant Walker was, at all relevant times, a police officer for the Philadelphia Police Department and assigned to the Narcotics Field Unit ("NFU"). He is sued in his individual capacities.

7. At all relevant times, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

8. On or about December 4, 2012, plaintiff was walking to the Market-Frankford subway to visit his girlfriend.

9. On or about December 4, 2012, plaintiff Sylvester Westcott was arrested without probable cause by defendant Officer Jeffery Walker.

10. At the time of his arrest, money and other property was taken from plaintiff by Walker.

11. At no time on or about December 4, 2012, was plaintiff in possession of any drugs, contraband items or materials, or engaged in any criminal conduct.

12. At no time on or about December 4, 2012 did Walker observe plaintiff engaging in criminal conduct or obtain evidence that plaintiff was engaging in criminal conduct.

13. At no time on or about December 4, 2012 was there reasonable suspicion to stop plaintiff or probable cause to arrest him.

14. Walker's justification for arresting plaintiff was based entirely on fabricated or false representations, including: falsely claiming to have found drugs in plaintiff's possession,

falsely claiming to have found pre-marked money, and falsely claiming to have observed an illegal drug transaction using a confidential informant.

15. Defendant issued or caused to be issued a criminal complaint against plaintiff on the basis of defendant's fabrications and false representations.

16. On the basis of the false representations and related criminal complaint, Plaintiff was charged with various drug crimes.

17. At no time was there probable cause to charge plaintiff with any crime.

18. Plaintiff retained the services of a private attorney to defend the criminal charges brought by Walker.

19. Walker provided false testimony at plaintiff's preliminary hearing.

20. As a result of Walker's false testimony, plaintiff's charges were "held for court."

21. Plaintiff was detained at Curram Frumhold Correctional Facility from the time of his arrest until his release following the dismissal his case.

22. At the time of his arrest, prosecution, and incarceration, the Philadelphia District Attorney's Office and the Philadelphia Police Department were aware of a long-standing pattern of misconduct perpetrated by defendants and other members of the NFU.

23. Said pattern included the fabrication of probable cause for searches and seizures, false arrests, misleading or deceptive affidavits and other statements of probable cause, theft of money and other property from suspects and arrestees, and the provision of unreliable of false evidence and testimony in the course of numerous investigations and prosecutions.

24. On May 22, 2013, defendant Jeffery Walker was arrested by the federal government and charged with robbery, *inter alia*.

4

25. The federal criminal complaint filed against Defendant Walker revealed that Walker regularly made up facts, planted and stole drugs, stole money, and lied about doing so. Walker admitted these allegations are true.

26. On or about May 31, 2013, plaintiff's criminal case was *nolle prossed*.

27. Plaintiff was released from custody in June 2013.

28. As a result of his false arrest, prosecution, and related confinement, plaintiff suffered significant damages and harms, including but not limited to:

    a. loss of liberty;

    b. emotional distress;

    c. deprivation of property;

    d. interference with his daily activities;

    e. wage loss and loss of earning capacity;

    f. deprivation and/or delay of educational opportunities

    some or all of which are ongoing and/or permanent.

29. Plaintiff's damages and harms were caused by the culpable conduct of defendants, alleged in greater detailed hereinbelow.

30. The conduct of the defendant Walker was carried out in wanton and outrageous disregard for the Constitution and plaintiff's rights thereunder, and was motivated solely by their self-interest, completely unrelated to the administration of justice, thereby warranting an award of exemplary damages against him.

## V. CAUSES OF ACTION

### COUNT I

### Plaintiff v. Walker
### 42 U.S.C. § 1983

31. Plaintiff incorporates by reference each of the preceding as though each were set forth herein in their entirety.

32. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' violation of his rights under the Fourth and Fourteenth Amendment to be free from false arrest and unreasonable search and seizure, malicious prosecution, wrongful conviction and incarceration, and deprivation of liberty and property without due process.

### Count II
### Plaintiff v. City of Philadelphia
### 42 U.S.C. §1983

33. Plaintiff incorporates by reference each of the preceding as though each were set forth herein in their entirety

34. There is longstanding and well-known history of Philadelphia Police Officers engaging in egregious, illegal, and unconstitutional conduct in the course of investigating and prosecuting narcotics offenses, including:

    a. the "One Squad Scandal" of the early 1980's when Philadelphia narcotics officers were convicted of selling drugs stolen from dealers;

    b. federal convictions of the "Five Squad" for, among other things, racketeering in the 1908s;

    c. The 39th District scandal that came to light in 1995 when members of the 39th Police District were federally prosecuted and convicted of violating the rights of, and stealing from, Philadelphians;

6

    d. federal narcotics convictions that were overturned in 1998 when internal affairs found that a Philadelphia Police Department narcotics officer was potentially corrupt; and

    e. the events described in the Philadelphia Daily News series titled "Tainted Justice."

35. The individual defendants' violations of plaintiff's constitutional rights and his related damages were caused, encouraged, tolerated and/or ratified through longstanding policies, practices, customs, and usages maintained by the City of Philadelphia and its Police Department.

36. These polices, practices, customs, and usages, all maintained with deliberate indifference, included but were not limited to:

    a. failure to supervise, monitor, or properly train officers adequately in the proper exercise of police powers;

    b. failure to supervise, monitor, and properly train police officers adequately regarding false arrest, malicious prosecution, and citizens' constitutional and civil rights;

    c. failure to supervise, monitor, and properly train police officers regarding their duty to report and disclose the misconduct and illegal actions of other officers;

    d. failure to monitor police officers whose conduct it knew violated constitutional and legal requirements; and

    e. failure to supervise, investigate, or discipline appropriately defendants and other officers it knew violated citizens' rights on a repeated basis, and/or repeatedly

provided false or fabricated evidence in the course of investigations, arrests, and prosecutions.

37. With respect to defendants and other NFU officers, the City and its high-ranking officials were aware of numerous facts and circumstances from which it did know, or could have and should have inferred, that defendants were engaged in a longstanding pattern of illegal and unconstitutional conduct consistent with the conduct by which they victimized plaintiff.

38. Such facts and circumstances included but were not limited to:
    a. numerous citizen complaints against the officers;
    b. numerous civil lawsuits against the officers and discovery obtained therein;
    c. numerous complaints by other officers, including complaints forwarded to the Department's Internal Affairs Division;
    d. numerous successful motions to suppress evidence purportedly obtained by the officers in the course of their investigation.

39. Despite these facts and circumstances, and the known conduct of defendants, the City and its officials remained deliberately indifferent to them and the risks they engendered for the violation of citizens' rights, and failed to take any meaningful actions to address them.

40. Further, the City of Philadelphia is deliberately indifferent to the need to train, supervise, and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:
    a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational, and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD's discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not penalized in proportion to the number of violations;

f. The conduct of IAD officers demonstrates that PPD internal affairs personnel are inadequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD's findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track, and monitor "problem" officers;

j. Despite the fact that the defendant officers and others assigned to the NFU had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of any early warning system;

k. Despite numerous prior complaints against the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l. Despite numerous prior complaints against the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain, and supervise the officers;

m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below standards of acceptable police practice and fail to address key issues in the cases.

41. As a result, defendants operated in a "culture" that facilitated and encouraged their unconstitutional misconduct, a culture that was so firmly established as to compromise a "policy" of the City of Philadelphia, and, as aforesaid, resulted in harm to plaintiff.

## VI. JURY DEMAND

42. Plaintiff demands a jury determination of all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court for judgment in his favor, against all defendants, individually, jointly and severally, and asks for the following relief:

a) compensatory and general damages;

b) punitive damages against defendant Walker;

c) attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d) such interest and other costs as are allowed by law;

e) such other relief as the Court deems just and equitable.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. #36418
Beth G. Cole, Esquire
Attorney I.D. #36419
Christopher Markos, Esquire
Attorney I.D. # 308997
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Phone: 215.557.0099
Facsimile: 215.557.0673
Email: gwilliams@wcblegal.com

Stephen S. Pennington, Esquire
Law Offices of Stephen S. Pennington
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Phone: 215.557.7112
Facsimile: 215.557.7602
Email: spenningtonlaw@aol.com

Dated: May 27, 2015